JESSE GOMEZ, APPELLANT, V. KENNEY DEANS, INC., APPELLEE.
446 N.W.2d 209

Filed September 29, 1989.   No. 88-031.

Robert M. Brenner, of Robert M. Brenner Law Office, for appellant.

Steven C. Smith, of Van Steenberg, Brower, Chaloupka, Mullin & Holyoke, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This is an appeal from an order of the district court for Scotts Bluff County. The matter arose from the filing of a transcript of judgment from the Workers' Compensation Court to the district court.

Appellee, Kenney Deans, Inc., the judgment debtor, applied to the district court for orders directing the clerk to accept a surety bond of a Nebraska licensed insurer in the amount of $10,000 and to issue a release of the judgment lien against Kenney Deans' real estate in Scotts Bluff County. The district court accepted the surety bond and directed the clerk to issue the release. Gomez, the judgment creditor, appeals.

Two errors are assigned: (1) The district court lacks authority to order substitute security and direct the release of a real estate lien, and (2) the amount of the judgment bond is insufficient.

First, we observe that Kenney Deans, Inc., was insured for workers' compensation claims by the Continental Western Insurance Company, a Nebraska licensed company, and there is no assertion that all amounts due have not been promptly paid.

Putting aside the rather persuasive argument that the power to order a substitution of security is the exercise of the inherent authority of the district court under the Constitution of the State of Nebraska, the authority is also granted by statute. Neb. Rev. Stat. § 52-142 (Reissue 1988) provides:

(1) Any person having an interest in real estate may release the real estate from liens which have attached to it by:

(a) Depositing in the office of the clerk of the district court of the county in which the lien is recorded a sum of money in cash, certified check, or other bank obligation, or a surety bond issued by a surety company authorized to do business in this state, in an amount sufficient to pay the total of the amounts claimed in the liens being released plus fifteen percent of such total; and

(b) Recording, as provided in section 52-151, a certificate of the clerk of the district court showing that the deposit has been made.

(2) The clerk of the district court has an obligation to accept the deposit and issue the certificate.

(3) Upon release of the real estate from a lien under this section, the claimant's rights are transferred from the real estate to the deposit or surety bond and the claimant may establish his or her claim under sections 52-125 to 52-159, and upon determination of the claim the court shall order the clerk of the district court to pay the sums due or render judgment against the surety company on the bond, as the case may be.

The first assignment is meritless.

As to the second assignment, the appellant is secured by the statutorily directed promise by the insurer to pay "all installments of the compensation that may be awarded or agreed upon . . . ." Neb. Rev. Stat. § 48-146 (Reissue 1988). The record shows that the district court properly set the bond at an amount sufficient to cover the remaining payments of appellant's award. The district court has discretion to set the bond for an amount that has been awarded or agreed upon, not for amounts that are undetermined. The claim is without merit.

AFFIRMED.